UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60616-CV-DIMITROULEAS/SNOW

SECURITIES AND EXCHANGE COMMISSION,    )
                                                                                )
            **Plaintiff**,    )
v.                                                                            )
                                                                                )
GEORGE ELIA,                                                     )
INTERNATIONAL CONSULTANTS &              )
INVESTMENT GROUP LTD. CORP.,          )
                                                                                )
           **Defendants**,    )
                                                                                )
212 ENTERTAINMENT CLUB, INC.,                )
ELIA REALTY, INC.,                                        )
                                                                                )
           **Relief Defendants.**    )
_____)

**JUDGMENT OF PERMANENT INJUNCTION AND
OTHER RELIEF AS TO DEFENDANT
INTERNATIONAL CONSULTANTS & INVESTMENT GROUP LTD. CORP.**

      The Securities and Exchange Commission having filed a Complaint, and Defendant International Consultants & Investment Group Ltd. Corp. ("ICIG"):  having consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief (the "Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

**SECTION 10(b) AND RULE 10b-5
OF THE SECURITIES EXCHANGE ACT OF 1934**

IT IS ORDERED AND ADJUDGED that ICIG and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from

violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to employ any device, scheme, or artifice to defraud by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

      (A) any investment strategy or investment in securities,

      (B) the prospects for success of any product or company,

      (C) the use of investor funds,

      (D) compensation to ICIG,

      (E) ICIG's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

## II.

## SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that ICIG and ICIG's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) any investment strategy or investment in securities,

        (B) the prospects for success of any product or company,

        (C) the use of investor funds,

(D) compensation to any person,

(E) ICIG's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

### III.

### SECTION 206(1) AND (2) OF THE INVESTMENT ADVISERS ACT OF 1940

**IT IS FURTHER ORDERED AND ADJUDGED** that ICIG and ICIG's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6(1) and (2), by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of client funds,

  (D) compensation to any person,

  (E) ICIG's qualifications to advise clients; or

  (F) the misappropriation of client funds or investment proceeds.

## IV.

## SECTION 206(4) AND RULE 206(4)-8 OF THE ADVISERS ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that ICIG and ICIG's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, while acting as an investment adviser, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 of the Advisers Act, 17 C.F.R. § 275.206-4(8), by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

 (a) to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative; or

 (b) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

  (A) any investment strategy or investment in securities,

  (B) the prospects for success of any product or company,

(C)  the use of investor funds,

(D)  compensation to any person,

(E)  ICIG's qualifications to advise investors; or

(F)  the misappropriation of investor funds or investment proceeds.

## V.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that ICIG shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from August 25, 2011 to the date of entry of the order of disgorgement against ICIG, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) ICIG will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) ICIG may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

### INCORPORATION OF ICIG'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that ICIG shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

**It Is FURTHER Ordered AND Adjudged** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of May, 2013.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record